NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT ARNOLD, and all others similarly situated<br><br>      Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE STORE #1177, COSTCO WHOLESALE STORE #231, "ABC CORP 1-1000" and "JOHN DOE 1-1000" (the last two being fictitious designations),<br><br>      Defendants. | : : : : : : : : : : : : : : : | **OPINION**<br><br>Civ. No. 16-cv-08321 (WHW) (CLW) |

**Walls, Senior District Judge**

Defendants Costco Wholesale Corporation, Costco Wholesale Store #1177, and Costco Wholesale Store #231 (collectively, "Defendants" or "Costco") move to dismiss Plaintiff Robert Arnold's First Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 11. Decided without oral argument under Fed. R. Civ. P. 78, Defendants' motion is granted.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs, New Jersey residents Jacqueline Taufield and Robert Arnold, filed this action in Bergen County Superior Court on September 16, 2016 after they were allegedly charged a 7% surcharge "in the guise of a 'sales tax'" on toilet tissue purchased at Costco Wholesale Store #1177 and #231. Compl., ECF. No. 1-1, ¶ 11. On November 7, 2016, Defendants removed the case to this court. ECF No. 1. Costco Wholesale Corporation is a corporation organized and existing under the laws of Washington, with its principal place of business in Issaquah,

1

Washington. *Id.* ¶ 2. Costco Wholesale Stores #1177 and #231 are owned by Costco Wholesale Corporation and are not separate legal entities. *Id.* ¶¶ 3–4.

The allegations in the Complaint stem from purchases of Charmin Toilet Tissue at Defendants' stores in Wayne and Hackensack, New Jersey. *Id.* ¶¶ 25–27. After purchasing the toilet tissue, Plaintiffs allegedly complained about the charge "disguised as a sales tax," but Costco refused to issue a rebate. *Id.* ¶ 4. The Superior Court Complaint, brought on behalf of Plaintiffs and a putative class of New Jersey citizens who purchased toilet tissue and any other tax-exempt item during the six years preceding the commencement of the lawsuit, alleged that Defendants unlawfully surcharge customers who buy toilet tissue in the amount of 7% of the purchase price. ECF No. 1-1, ¶¶ 25–31. The Complaint further stated that "Defendants have a policy and practice of charging unlawful sales tax on its products." *Id.* ¶ 29. Based on these factual allegations, Plaintiffs asserted statutory claims under the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 *et seq.*, and the New Jersey Truth-In-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. 56:12-15, and common law claims for breach of contract, unjust enrichment, negligence, and fraud. ECF No. 1-1 ¶¶ 43–64.

On December 2, 2016, Defendants filed a motion to dismiss the Complaint, arguing that Plaintiffs could not state a claim because New Jersey has an exclusive statutory procedure and remedy for the recovery of improperly collected sales tax, which Plaintiffs refused to follow. ECF No. 9-3 at 4. In response to Defendants' motion to dismiss and before filing their opposition, on December 9, 2016, Plaintiff Robert Arnold filed an amended complaint. ECF No. 10. Jacqueline Taufield did not join the amended pleading. *Id.*

The First Amended Complaint is largely duplicative of the initial complaint: It alleges that "Costco is a membership-only warehouse club[] that provide[s] a wide selection of

merchandise," ECF No. 10 ¶ 20; that Defendants set the prices to be assessed for its products, *id.* ¶ 21; that on July 26, 2015 and July 30, 2015 Plaintiff visited Costco stores #1177 and #231 in Wayne and Hackensack, New Jersey, where he purchased Charmin Toilet Tissue at a price in excess of the price listed at the point of display, *id.* ¶¶ 22–24; that Defendants "refused to issue a refund to [] Plaintiff" despite his "present[ing] written notice, in the form of a sales receipt," *id.* ¶¶ 6–7; and that "Defendants represented to Plaintiff that a 7% surcharge to the toilet tissue was added to the bill via his customer receipt," *id.* ¶ 25. Significantly, Plaintiff no longer accuses Costco of having "a policy and practice of charging unlawful sales tax on its products." ECF No. 1-1 ¶ 29. The First Amended Complaint instead alleges that "Defendants have a policy and practice of unlawful [sic] surcharging club members and misrepresenting the prices of its products." ECF No. 10 ¶ 27. In the First Amended Complaint, Plaintiff asserts the same individual and class claims as in the Superior Court Complaint with the addition of a claim under the New Jersey Weights and Measures Act. *Id.* ¶¶ 53–60.

Defendants moved to dismiss the First Amended Complaint on December 23, 2016. ECF No. 11. Defendants argue that the allegations in the First Amended Complaint that Costco charged a 7% surcharge on sales of toilet tissue to Plaintiff "are entirely contradicted by the document on which they rely—Plaintiff's sales receipts—which unequivocally show that '7.00% Tax' was charged on items purchased on July 26, 2015 and July 30, 2015 . . . ." ECF No. 11-3 at 9.[1] Accordingly, Defendants argue, "Plaintiff's Amended Complaint should be dismissed with

---

[1] Defendants note that after filing the original Complaint, Plaintiff's counsel spoke to the media about the lawsuit and was quoted explaining that Mr. Arnold and Ms. Taufield never made a written request to Costco for a refund of a "surcharge" or improperly assessed tax. *Id.* at 4. Defendants invite the court to take judicial notice of these articles as matters of public record and documents that form the basis of a claim. *Id.* at 4 n.1. Plaintiff argues that any reference his counsel made to a "tax" in media articles was based on Defendants' "own characterization as itemized on the receipts, and not on an independent fact set forth by the Plaintiffs." ECF No. 19 at 11. Plaintiff also argues that his counsel's statement to the media should not be treated as an "admission by a party opponent" under Fed. R. Evid. 801(d)(2) because the Third Circuit has held that "off the record and unratified statements by counsel are inadmissible." *Id.* (citing *Headman v. Berman Leasing Co.*, 352 F. Supp. 211, 214 (3d Cir. 1972)). The Court does

3

prejudice because Plaintiff's claims are governed by the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1, et seq., ("SUTA"), which provides an exclusive remedy in cases of allegedly overpaid sales taxes that have been remitted to the Division of Taxation." *Id.* at 12. Costco also argues that Costco Wholesale Store #1177 and Costco Whole Sale Store #231 are not separate legal entities and the claims against them should be dismissed with prejudice. *Id.* at 16.

Plaintiff responds that he does not "characterize the surcharge as a tax" in his Amended Complaint and it is "Defendants who are unilaterally labeling the 7 cents on the dollar surcharge in the guise of a tax, not Plaintiff." ECF No. 19 at 5. Plaintiff further contends that he "is entitled to investigate through discovery if the Defendants' surcharge is actually an improper tax that was paid to the New Jersey Division of Taxation or if it was a 7 cents on the dollar surcharge that remained in the Defendants' possession for profit." *Id.* Aside from the dispute regarding the "surcharge" or "tax" charged on the purchase of toilet tissue, Plaintiff argues that he should be allowed to proceed with his breach of contract and consumer fraud claims because he "competently pleads that he was fraudulently induced to enter into a contract with Defendant which, he alleges, was breached by Defendant. *Id.* Plaintiff does not accept Defendants' representation that Costco Wholesale Store #1177 and Costco Whole Sale Store #231 are not separate legal entities and that the claims against them should be dismissed with prejudice. *Id.*

### STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

---

not resolve this dispute as it is unnecessary to rely on these statements in the consideration of Defendants' motion to dismiss.

*Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## DISCUSSION

Plaintiff's eight-count First Amended Complaint relies on his allegation that he was charged a 7% surcharge and not a sales tax when he purchased Charmin toilet tissue at two Costco Wholesale Stores in July 2015. But Plaintiff's repeated allegation that Costco charged him an illegal surcharge, rather than simply wrongfully assessed sales tax on his purchases, is at odds with the sales receipts attached to the First Amended Complaint.[2] While a court must, on a Rule 12(b)(6) motion, accept all well-pleaded factual allegations as true, this requirement does not apply when the allegations are contradicted by the documents attached to the complaint upon which its claims are based. *See Genesis Bio–Pharmaceuticals, Inc. v. Chiron Corp.*, 27 F. App'x 94, 99–100 (3d Cir. 2002) (holding that a court need not accept as true allegations which are

---

[2] Paragraph 25 of the First Amended Complaint referred to the sales receipts as Exhibit A to the First Amended Complaint, but the receipts were mistakenly not filed with the Amended Complaint. They are, however, incorporated by reference in the First Amended Complaint and offered as exhibits to the Parties' briefs related to this motion.

5

contradicted by documents properly considered on a motion to dismiss); *see also City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998) (holding that, on a motion to dismiss, a court need not credit "unsupported conclusions and unwarranted inferences."); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n. 8 (3d Cir. 1994) ("Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control.").

The receipts on which Plaintiff's First Amended Complaint depends clearly show that all items marked with an "A" were subject to a "7.00% tax." ECF No. 11-1, Ex. E. Charmin toilet tissue is marked with an "A" on both the July 26, 2015 and the July 31, 2015 Costco receipts. *Id.* Despite Plaintiff's insistence that the Court should read the word "tax" as "surcharge," the written instrument annexed to the pleading controls. *See ALA*, 29 F.3d at 859 n. 8. The Amended Complaint therefore does not allege facts that allows the court to draw the reasonable inference that Defendants charged Plaintiff an illegal surcharge on his purchases of Charmin toilet tissue.

Furthermore, Plaintiff's own brief in opposition to Defendants' motion to dismiss appears to acknowledge that his claim that Costco illegally charged him a 7% surcharge, is little more than a "naked assertion" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 570. He argues that he "is entitled to investigate through discovery if the Defendants' surcharge is actually an improper tax that was paid to the New Jersey Division of Taxation or if it was a 7 cents on the dollar surcharge that remained in the Defendants' possession for profit." ECF No. 19 at 5. This statement essentially admits that the allegations made in the First Amended Complaint do not meet the pleading requirements necessary to survive a motion to dismiss and "unlock the doors to discovery"—that plaintiffs establish more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 662 (2009).

Because the only reasonable inference is that Plaintiff was charged a tax on his purchase of Charmin toilet tissue, he cannot state a claim for which relief can be granted. In New Jersey, cases of allegedly overpaid sales taxes that have been remitted to the state[3] are governed by the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1, et seq. SUTA provides an exclusive remedy, *Kawa v. Wakefern Food Corp.*, aff'd, 24 N.J. Tax. 444, 448 (Super. Ct. App. Div. 2009), and prohibits a tax refund claim to be pursued on behalf of a class, *see* N.J.S.A. 54:49-14(c) ("Each taxpayer shall file a separate refund claim. A refund claim on behalf of a class is not permitted."). In *Kawa*, the tax court judge dismissed all statutory and common law claims against the Defendant based on the "conclusion that the Legislature intended N.J.S.A. 54:32B-20(a) to be plaintiff's exclusive remedy for the return of overpaid taxes." 24 N.J. Tax at 58.

Here Plaintiff suggests that even if his other claims are dismissed, his breach of contract claim should be allowed to proceed because it is distinguishable from the claims brought in *Kawa*. ECF No. 19 at 14. Specifically, Plaintiff argues that *Kawa* did not involve a membership-only club that fraudulently induced the plaintiff into entering a contract. *Id.* While *Kawa* did not involve a contract claim against a membership-only club, the *Kawa* Court dismissed all related common law claims, including common law fraud, because they were asserted as a way to seek a remedy for the overpaid taxes. *Kawa*, 24 N.J. Tax at 58. The same is true here.

Moreover, Plaintiff's breach of contract claim fails notwithstanding *Kawa* because Plaintiff has not asserted facts that establish that Costco fraudulently induced him to enter into a membership agreement or that Costco breached the membership agreement. With respect to this claim, Plaintiff only alleges that the Costco Member Privileges and Conditions Terms say in order to "ensure that all members are correctly charged for the merchandise, all receipts and

---

[3] There is no allegation in the First Amended Complaint that reasonably suggests that the sales tax was not remitted to the State.

7

NOT FOR PUBLICATION

merchandise will be inspected as [members] leave." ECF No. 10 ¶ 5. There is no allegation that Plaintiff's receipt was not checked as he left either Costco store and such an allegation would not constitute a material breach of contract sufficient to state a claim.

## CONCLUSION

Defendants' motion to dismiss is granted. All counts are dismissed with prejudice. An appropriate order follows.

DATE: 20 March 2017

William H. Walls
Senior United States District Court Judge